UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALERIE WILLIAMS,

                          Plaintiff,

    v.

LONG BEACH MORTGAGE COMPANY;
DEUTSCHE BANK & NATIONAL TRUST
COMPANY, *as Trustee for Long Beach
Mortgage Trust 2006-2*; J.P. MORGAN
CHASE BANK, NATIONAL
ASSOCIATION; PC STEVEN J. BAUM;
DAWN HANZLIK-HEXEMER; PITNICK &
MARGOLIN LLP; and C. LANCE
MARGOLIN,

                         Defendants.

Case No. 15-CV-5952 (KMK)

OPINION & ORDER

---

Appearances:

Valerie Williams
Fleetwood, NY
*Pro Se Plaintiff*

Andrea M. Roberts, Esq.
Richard J. Pelliccio, Esq.
Mcglinchey Stafford, PLLC
New York, NY
*Counsel for Defendants JP Morgan Chase Bank and
Deutsche Bank & National Trust Company*

Alan H. Weinreb, Esq.
Randy J. Schaefer, Esq.
The Margolin & Weinreb Law Group, LLP
Syosset, NY
*Counsel for Defendants Pitnick & Margolin LLP
and C. Lance Margolin*

KENNETH M. KARAS, District Judge:

Plaintiff Valerie Williams ("Plaintiff") filed the instant Amended Complaint against Long Beach Mortgage Company ("LBMC"); Deutsche Bank & National Trust Company, as Trustee for the Long Beach Mortgage Trust 2006-2 ("Deutsche Bank"); J.P. Morgan Chase Bank, National Association, as Servicer ("JPMorgan" and together with Deutsche Bank, the "Bank Defendants"); PC Steven J. Baum ("Baum"); Dawn Hanzlik-Hexemer (together with Baum, the "Baum Defendants"); Pitnick & Margolin LLP ("Pitnick"); and C. Lance Margolin ("Margolin") (together with Pitnick, the "Margolin Defendants," and together with all other defendants, "Defendants"), asserting a plethora of claims related to a mortgage and foreclosure. Before the Court are two Motions To Dismiss; one filed by the Bank Defendants and one filed by the Margolin Defendants. (*See* Dkt. Nos. 50, 55.) For the reasons discussed herein, both Motions are granted.

I. Background

A. Factual Background

The following facts are drawn from the Amended Complaint, as well as the various transaction documents and state court documents attached to Bank Defendants' moving papers.[1]

---

[1] "In ruling on a 12(b)(6) motion, . . . a court may consider the complaint[,] . . . any written instrument attached to the complaint as an exhibit[,] or any statements or documents incorporated in it by reference," as well as "matters of which judicial notice may be taken, and documents either in [the] plaintiffs' possession or of which [the] plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (brackets and internal quotation marks omitted); *see also Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (internal quotation marks omitted)); *Hendrix v. City of N.Y.*, No. 12-CV-5011, 2013 WL 6835168, at *2 (E.D.N.Y. Dec. 20, 2013) (same).

On January 27, 2006, non-Party Simone Cleare ("Cleare") executed a Fixed/Adjustable Rate Note (the "Note") with LBMC in the amount of $680,000. (Decl. of Andrea M. Roberts ("Roberts Decl.") Ex. A (Dkt. No. 51).) On or about the same day, to secure her obligations under the Note, Cleare executed a mortgage (the "Mortgage"), with LBMC as Lender, encumbering real property at 26 W. Devonia Ave., Mt. Vernon, NY 10552 (the "Subject Property"). (Roberts Decl. Ex. B.) By way of an Assignment of Mortgage, dated January 31, 2006, LBMC assigned the Mortgage and Note to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-2. (Roberts Decl. Ex. C.) Plaintiff alleges repeatedly that she "was not aware that [LBMC] intended to profit from her Mortgage and . . . Note through securitization of Plaintiff's Original Security Instruments in a Mortgage Backed Securitization Scheme without her informed knowledge and consent." (Am. Compl.

---

Following these principles, the Court considers the underlying Note, Mortgage, and assignment of the Mortgage, which are clearly referenced in, and integral to, the Amended Complaint. *See Best v. Bank of Am., N.A.*, No. 14-CV-6546, 2015 WL 5124463, at *1 (E.D.N.Y. Sept. 1, 2015) ("Along with its papers, [the defendant] submitted an affidavit attaching the mortgage, note, assignment of mortgage, and other loan documents issued by [the defendant] to [the plaintiff] . . . , [which the court can] consider . . . because the documents are specifically referenced in, and are integral to, the complaint."); *Solomon v. Ocwen Loan Servicing, LLC*, No. 12-CV-2856, 2013 WL 1715878, at *4 (E.D.N.Y. Apr. 12, 2013) ("The [n]ote and [m]ortgage are integral to the amended complaint and therefore may be considered by the [c]ourt."). The Court also considers various state court documents filed in the underlying state foreclosure proceeding. *See Yencho v. Chase Home Fin. LLC*, No. 14-CV-230, 2015 WL 127721, at *4 (S.D.N.Y. Jan. 8, 2015) (considering filings in state court foreclosure proceeding); *Solomon*, 2013 WL 1715878, at *4 ("The [c]ourt may . . . take judicial notice of the state-court foreclosure proceedings."); *see also Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice." (italics omitted)).

Moreover, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)[,] a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("[W]hen, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise.").

¶ 31 (Dkt. No. 40)).) As a result of various Defendants' allegedly "unconscionable securitization of Plaintiff's Security Instruments," "an undisclosed amount of profits have been obtained by [those] Defendants." (*Id.* ¶ 32.)

On October 9, 2007, LBMC commenced an action (the "Foreclosure Action") in New York State Supreme Court, County of Westchester (the "State Court"), to foreclose the Mortgage, alleging that Cleare failed to tender payment due on March 1, 2007. (Roberts Decl. Ex. D ("Foreclosure Complaint"); *see also* Roberts Decl. Ex. E.) The Foreclosure Complaint named, among others, both Cleare and Plaintiff as defendants; Plaintiff was described as the "[r]ecord owner." (Foreclosure Complaint Schedule B.) Plaintiff was personally served with the summons and complaint in the Foreclosure Action on October 15, 2007. (Roberts Decl. Ex. F.) An Order of Reference appointing a referee was issued by the State Court on or around January 16, 2008. (Roberts Decl. Ex. G.) The Order of Reference states that "all [the] [d]efendants['] time to answer has expired, or if they answered, . . . their answer has been dismissed by summary judgment motion." (*Id.*)

On March 4, 2008, the State Court granted LBMC's ex parte application for a judgment of foreclosure and sale (the "Foreclosure Judgment"). (Roberts Decl. Ex. H.) Over the next year-and-a-half, five foreclosure sales were scheduled, but not held. (Defs.' Mem. of Law in Supp. of its Mot. To Dismiss 2–3 (Dkt. No. 52).) The first three were stayed after Plaintiff filed three consecutive voluntary petitions under Chapter 13 of the Bankruptcy Code, each of which was eventually dismissed because Plaintiff failed to take certain actions, including the timely filing of required documents. (*See* Roberts Decl. ¶¶ 10–12; *id.* at Exs. I, J, K.) The fourth and fifth scheduled foreclosure sales were canceled in an attempt to work out a resolution with Cleare. (Roberts Decl. ¶ 13.) A sixth foreclosure sale was scheduled for October 27, 2009, and

4

on that date the Subject Property was sold to LBMC, which subsequently assigned the bid to Deutsche Bank.  (*See id.* ¶ 14; *see also* Roberts Decl. Ex. M.)

On November 13, 2009, Plaintiff brought an Order to Show Cause in the Foreclosure Action, seeking, among other things, to set aside the Foreclosure Judgment and vacate the sale. (Roberts Decl. Ex. L.)  The Order to Show Cause alleged that LBMC "was not the owner of the [N]ote and [M]ortgage at the time the foreclosure was initiated and . . . therefore, did not have standing to bring the action."  (*Id.* at unnumbered 2.)[2]  The Order to Show Cause was denied by the State Court on March 10, 2010.  (Roberts Decl. Ex. N.)

The State Court held that, by failing to answer or appear in the Foreclosure Action, "[P]laintiff waived her right to raise the issue of standing," and, because "the [Subject Property] was sold at the foreclosure sale, [P]laintiff's right to redeem the property [was] extinguished." (*Id.* at 2.)  Plaintiff filed a Notice of Appeal of the State Court's decision, but did not perfect her appeal.  (*See* Roberts Decl. ¶¶ 18–20.)

A Judgment of Possession was granted on February 19, 2014.  (*See* Roberts Decl. ¶ 23; *id.* at Ex. R.)  Pursuant to the Judgment of Possession, Plaintiff was evicted on August 10, 2015. (*See* Roberts Decl. ¶ 26.)

B.  Procedural History

Plaintiff commenced this Action on July 29, 2015.  (*See* Dkt. No. 1.)  Plaintiff thereafter filed a Motion for Preliminary Injunction and Application for an Order to Show Cause Why the Injunction Should Not Be Granted, seeking to prevent her eviction.  (*See* Dkt. No. 6; Dkt.

---

[2] Plaintiff makes similar allegations in the Amended Complaint before this Court, claiming that "[Deutsche Bank] and [the Baum Defendants] . . . did not have [s]tanding to invoke the Westchester County Court's jurisdiction using void and unenforceable security instruments." (Am. Compl. ¶ 46; *see also id.* ¶¶ 44, 64, 112–17, 133, 150, 171, 173 (referring to various Defendants' lack of standing to pursue a foreclosure on the Mortgage).)

5

(minute entry for September 3, 2015).)  The Court held a hearing on Plaintiff's Motion on September 3, 2015, denying Plaintiff's Motion based on the "very serious concerns" that it lacked subject matter jurisdiction over Plaintiff's Action.  (Hr'g Tr. 27 (Sept. 3, 2015 Hr'g).)  The Court directed Plaintiff to submit a letter to the Court explaining why the Court has jurisdiction over the Complaint or why Plaintiff should be granted leave to file an Amended Complaint.  (*See* Dkt. No. 33.)  Without filing a letter, Plaintiff filed her Amended Complaint on September 11, 2015.  (Dkt. No. 40.)  Bank Defendants filed their Motion To Dismiss the Amended Complaint and accompanying papers on November 6, 2015, (Dkt. Nos. 50–52), and Margolin Defendants filed their Motion To Dismiss the Amended Complaint and accompanying papers on November 17, 2015, (Dkt. Nos. 55–57).  Plaintiff filed her papers in opposition to both Motions on November 19, 2015.  (Dkt. Nos. 59–60.)[3]  Bank Defendants filed a reply brief on December 22, 2015.  (Dkt. No. 63.)  Margolin Defendants did not file a reply.

## II.  Discussion

### A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (some internal quotation marks omitted) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003)); *see also Neroni v. Coccoma*, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. June 5, 2014) (same), *aff'd*, 591 F. App'x 28 (2d Cir. 2015).  "In deciding both types of motions, the Court must accept all factual allegations in the complaint as

---

[3] Prior to Defendants' submission of their Motions, Plaintiff also filed a document entitled "Judicial Notice of Law," (Dkt. No. 45), and a letter dated October 9, 2015, (Dkt. No. 46), each of which contained citation to legal authority.

6

true, and draw inferences from those allegations in the light most favorable to the plaintiff." *Gonzalez*, 2014 WL 2475893, at \*2 (internal quotation marks omitted); *see also Seemann v. U.S. Postal Serv.*, No. 11-CV-206, 2012 WL 1999847, at \*1 (D. Vt. June 4, 2012) (same).  However, "[o]n a Rule 12(b)(1) motion, . . . the party who invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)."  *Gonzalez*, 2014 WL 2475893, at \*2; *see also Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (internal quotation marks omitted)).  This allocation of the burden of proof is "[t]he only substantive difference" between the standards of review under these two rules.  *Smith v. St. Luke's Roosevelt Hosp.*, No. 08-CV-4710, 2009 WL 2447754, at \*9 n.10 (S.D.N.Y. Aug. 11, 2009), *adopted by* 2009 WL 2878093 (S.D.N.Y. Sept. 2, 2009); *see also Fagan v. U.S. Dist. Court for S. Dist. of N.Y.*, 644 F. Supp. 2d 441, 446–47 & n.7 (S.D.N.Y. 2009) (same).

### 1.  Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint."  *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (internal quotation marks omitted).  "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).  While a district court

resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration and internal quotation marks omitted); *see also Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014) ("[W]here subject matter jurisdiction is contested a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits.").

    2. Rule 12(b)(6)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alterations, and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that

8

is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (internal quotation marks omitted)); *Aegis Ins. Servs., Inc. v. 7 World Trade Co.*, 737 F.3d 166, 176 (2d Cir. 2013) ("In reviewing a dismissal pursuant to Rule 12(b)(6), we . . . accept all factual allegations in the complaint as true . . . ." (alterations and internal quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [her] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted). However, "the liberal

9

treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

### B. Subject Matter Jurisdiction

The Court denied Plaintiff's Motion for a Preliminary Injunction without prejudice based on its "very serious concerns" that the court lacked subject matter jurisdiction over Plaintiff's Action. (*See* Hr'g Tr. 27.) The Court explained to Plaintiff that diversity jurisdiction did not exist because Plaintiff was a resident of New York, as were a number of Defendants. (*Id.* at 6.) As the Amended Complaint is brought against the same Defendants as Plaintiff's original Complaint, the Court's previous determination that there is no diversity of jurisdiction remains true.[4] Plaintiff argues that she has "corrected [the subject matter jurisdiction] deficiency in [her] Amended Complaint by invoking Title 42 U.S.C. §§ 1983, 1985, [and] 1986 as jurisdictional authority for a federal question of deprivation of [r]ights under [c]olor of [l]aw." (Am. Compl. ¶¶ 65–66; *see also* Letter from Plaintiff to Court (October 9, 2015) at unnumbered 2 (Dkt. No. 46) (same).) The Amended Complaint also purports to raise federal claims under a number of other federal statutes and makes isolated references to still more. The remaining claims raised

---

[4] "It is axiomatic that, for diversity jurisdiction to be available" under 28 U.S.C. § 1332, "all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Plaintiff alleges that she resides in Fleetwood, New York, and that the Baum Defendants and the Margolin Defendants both do business in New York. (Am. Compl. ¶¶ 5, 9–12.) As such, complete diversity does not exist and Plaintiff cannot invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

are all state law claims, specifically a number of fraud-related claims, a wrongful foreclosure claim, and an abuse of process claim. (*See generally* Am. Compl.)

Federal courts have limited jurisdiction, therefore the "validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "For the purpose of determining whether a district court has federal question jurisdiction pursuant to Article III and 28 U.S.C. § 1331, the jurisdictional inquiry depends entirely upon the allegations in the complaint and asks whether the claim as stated in the complaint arises under the Constitution or laws of the United States." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (internal quotation marks omitted). Where a complaint raises claims arising under federal law, "[t]he inadequacy of [the] federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* at 133 (alteration omitted); *see also Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) (federal claims will not sustain federal question jurisdiction "where the alleged claim . . . appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous" (internal quotation marks omitted)); *Town of W. Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir. 1990) (federal claims that are "so patently without merit . . . justify . . . the court's dismissal for want of jurisdiction" (emphasis and internal quotation marks omitted)); *cf. Ghosh v. Neurological Servs. of Queens*, No. 13-CV-1113, 2015 WL 431807, at *3 (E.D.N.Y. Feb. 3, 2015) ("Where . . . the sole federal cause of action in a case is 'patently meritless,' its dismissal deprives a district court of supplemental jurisdiction over any remaining state law claims it may

have otherwise had pursuant to 28 U.S.C. § 1367(a)."). To be clear, however, "whether a plaintiff has pled a jurisdiction-conferring claim is a wholly separate issue from whether the complaint adequately states a legally cognizable claim for relief on the merits." *S. New Eng. Tel. Co.*, 624 F.3d at 132.

The Court concludes that Plaintiff's claims arising under federal law—which were added to the Amended Complaint only after the Court noted the probable lack of subject matter jurisdiction—are "wholly insubstantial" and appear to have been "made solely for the purpose of obtaining jurisdiction." *Carlson*, 320 F.3d at 306.

To begin, Plaintiff's claims under § 1983 are patently meritless because, "[i]n order to state a claim under § 1983, a plaintiff must allege that [s]he was injured by either a state actor or a private party acting under color of law." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). A private party acts under color of state law "only when there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) (alteration in original) (internal quotation marks omitted). While Plaintiff alleges that Defendants acted under color of state law because some Defendants are attorneys, and as such are "[o]fficers of the [c]ourt, [and] effectively State [a]ctors," (Am. Compl. ¶ 93), "[i]t is well-established that private attorneys, despite their status as officers of the court, do not act under color of state law for purposes of [§] 1983," *Livingston v. Singer*, No. 01-CV-6979, 2003 WL 22952739, at *2 (S.D.N.Y. Dec. 16, 2003) (report and recommendation); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that a public defender is not a state actor); *Henry v. Logan*, No. 07-CV-789, 2010 WL 883674, at *3 (W.D.N.Y. Mar. 5, 2010) ("A lawyer representing a client, by virtue of being an officer of the court, is not acting

under color of state law within the meaning of [§] 1983."); *Bates v. N.Y.C. Transit Auth.*, 721 F. Supp. 1577, 1581 (E.D.N.Y. 1989) ("[T]he fact that [the defendant] is an officer of the court (by virtue of his being an attorney), does not support the allegation that his actions are under color of state law."). Moreover, Plaintiff's contention that Defendants' conduct amounted to state action because "Defendant[s] used a State authorized foreclosure proceeding under [c]olor of [l]aw to fraudulently deprive [Plaintiff] of [her] constitutionally protected rights," (Am. Compl. ¶ 103), is similarly without merit. "Foreclosure proceedings do not constitute state action for purposes of [§] 1983." *Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285, 2005 WL 1971006, at *7 (E.D.N.Y. Aug. 16, 2005); *see also Bromfield v. Lend-Mor Mortg. Bankers Corp.*, No. 15-CV-1103, 2016 WL 632443, at *5 n.3 (D. Conn. Feb. 17, 2016) ("Banks suing private parties in foreclosure proceedings are not state actors."); *Mareno v. Dime Sav. Bank of N.Y.*, 421 F. Supp. 2d 722, 726 (S.D.N.Y. 2006) (noting that the defendant bank that procured a foreclosure judgment, "a private business corporation, is NOT a state actor," because "it is well settled that a private actor who invokes the jurisdiction of the courts to resolve a legal dispute does not thereby transform itself into a state actor").[5]

With respect to Plaintiff's purported claims under § 1985, claims brought pursuant to either §§ 1985(2) or (3), each "require a showing of class-based invidiously discriminatory animus" on the part of the conspiring parties. *Hickey v. City of N.Y.*, No. 01-CV-6506, 2004 WL

---

[5] Count Ten of the Amended Complaint alludes to a possible procedural due process claim. (*See* Am. Compl. ¶ 152.) To the extent such a claim has been alleged, it too requires state action. *See, e.g.*, *Zambrano v. USA Waste of N.Y.C., Inc.*, No. 00-CV-7990, 2001 WL 80080, at *1 (S.D.N.Y. Jan. 31, 2001) ("The procedural due process claim is frivolous, as the complaint fails to allege state action."); *see also Stewart v. City of N.Y.*, No. 11-CV-6935, 2012 WL 2849779, at *13 (S.D.N.Y. July 10, 2012) ("To state a claim for a deprivation of procedural due process, [a] [p]laintiff must allege that a 'state actor' deprived him of a protected interest in liberty or property without affording [the] [p]laintiff an adequate notice or opportunity to be heard.").

2724079, at *22 (S.D.N.Y. Nov. 29, 2004), *aff'd*, 173 F. App'x 893 (2d Cir. 2006); *see also Turkmen v. Hasty*, 789 F.3d 218, 262 (2d Cir. 2015) ("[A § 1985(3)] claim requires that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (internal quotation marks omitted)); *Nansaram v. City of N.Y.*, No. 12-CV-5038, 2015 WL 5475496, at *14 (E.D.N.Y. July 2, 2015) ("To the extent that [the] plaintiff's [§] 1985 claim relies on the second clause of [§] 1985(2) [instead of § 1985(3)], . . . that claim likewise requires discriminatory animus . . . ."), *adopted by* 2015 WL 5518270 (E.D.N.Y. Sept. 17, 2015).[6]  But Plaintiff's Amended Complaint is entirely devoid of any allegations suggesting a discriminatory animus motivating Defendants' alleged actions.  Moreover, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (internal quotation marks omitted); *see also Rodriguez v. City of N.Y.*, No. 05-CV-10682, 2008 WL 4410089, at *15 (S.D.N.Y. Sept. 25, 2008) (granting the defendants' motion for summary judgment on §§ 1985(2) and (3) claims because no reasonable jury could find "that an agreement—tacit or otherwise—existed among any of the defendants to either inflict an unconstitutional injury or to achieve an unlawful end" (internal quotation marks omitted)).  "[C]laims of conspiracy that are vague and provide no basis in fact must be dismissed." *Van Dunk v. St. Lawrence*, 604 F. Supp. 2d 654, 663 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *6–7 (S.D.N.Y. Jan. 3, 2012) (dismissing §§ 1985(2) and (3) claims because "[c]onclusory allegations of the defendants' alleged participation in a conspiracy [we]re inadequate to make out a claim under § 1985"), *aff'd*, 523 F. App'x 32 (2d Cir. 2013).  The

---

[6] Section 1985(1) addresses actions taken to interfere with *federal* officers and thus is not relevant to Plaintiff's claims.

Amended Complaint is bereft of any non-conclusory allegations that suggest Defendants had any meeting of the minds or came to a mutual agreement to deprive Plaintiff of her rights. (*Cf.* Am. Compl. ¶ 110 ("Defendant[s] . . . conspired to deprive Plaintiff of constitutionally protected [r]ights under [c]olor of [l]aw through the initiation and implementation of a fraudulent foreclosure proceeding . . . ."); *id.* ¶ 60 ("At all times relevant, the Defendant Trustee and Defendant Attorney Agents conspired to deprive Plaintiff of constitutionally protected [r]ights, privileges, and immunities.").)[7]

Plaintiff also invokes several federal criminal statutes, including 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. §§ 241, 242 (what Plaintiff terms "obstruction of justice"). (*See, e.g.*, Am. Compl. ¶¶ 3, 139–41, 152, 159, 165.) But "[i]t is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972). Accordingly, courts have recognized that there is no private right of action under §§ 241, 242, or 1341. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (section 242); *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (section 1341); *Maccaro v. NYC Health & Hosp. Corp.*, No. 07-CV-1413, 2007 WL 1101112, at *2 (E.D.N.Y. Apr. 11, 2007) (sections 241 and 242).[8] And although the Amended Complaint makes a passing reference to

---

[7] The Court liberally construes Count Eight ("Refusal or Neglect to Prevent the Deprivation of Plaintiff's Constitutionally Protected Rights") as a claim brought pursuant to 42 U.S.C. § 1986, which establishes liability for those who "hav[e] knowledge that any of the wrongs conspired to be done, and mentioned in [§] 1985 . . . , are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so." However, because "a § 1986 claim must be predicated upon a valid § 1985 claim," *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999), any such claim by Plaintiff is plainly meritless.

[8] Plaintiff makes a single reference to 18 U.S.C. § 1511 in her statement of jurisdiction, (*see* Am. Compl. ¶ 3), but, as with the aforementioned criminal statutes, § 1511 does not provide

other federal statutes, such as 28 U.S.C. § 1337 and 18 U.S.C. §§ 1961–1967, (*see* Am. Compl. ¶¶ 1, 3), "[m]erely invoking the existence of some federal statute, without presenting facts or alleging a claim related to that statute, does not establish federal question jurisdiction." *Chan Ah Wah v. HSBS Bank PLC*, No. 13-CV-4789, 2014 WL 2453304, at *2 (S.D.N.Y. June 2, 2014); *see also Andrews v. Citimortgage, Inc.*, No. 14-CV-1534, 2015 WL 1509511, at *3 (E.D.N.Y. Mar. 31, 2015) (federal question jurisdiction does not exist where the complaint "mentions that th[e] [c]ourt has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a), but . . . does not refer to this statute again, nor . . . contain any specific allegations or facts as to how [the] [d]efendant violated this statute" (citation omitted)).[9]

It bears noting that in adjudicating Plaintiff's Motion for a Preliminary Injunction, the Court very clearly conveyed to Plaintiff that her original Complaint, as drafted, very likely left this Court without subject matter jurisdiction, and that she responded by filing an Amended

---

for a private cause of action, *see, e.g.*, *Moreno v. Curry*, No. 06-CV-238, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006), *aff'd*, 2007 WL 4467580 (5th Cir. Dec. 20, 2007). Regardless, Plaintiff has offered no allegations that Defendants obstructed state or local law enforcement "with the intent to facilitate an illegal gambling business." 18 U.S.C. § 1511.

[9] The Court acknowledges that the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, ("RICO"), cited by Plaintiff, does "provide[] a private cause of action for 'any person injured in his business or property by reason of a violation of [§] 1962 of this chapter," *Sky Med. Supply, Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 220 (E.D.N.Y. 2014) (alteration omitted) (quoting 18 U.S.C. § 1964(c)). Although the only reference to RICO in the entire Amended Complaint is in the jurisdiction section, the Court has nevertheless considered whether Plaintiff's allegations can be liberally construed to assert a RICO claim that would create subject matter jurisdiction and determined that it cannot. *See Weaver v. James*, No. 10-CV-6609, 2011 WL 4472062, at *2 (S.D.N.Y. Sept. 27, 2011) (finding that "[the] plaintiff's attempts to characterize his claim as a civil RICO claim are so patently without merit as to warrant . . . dismissal for lack of subject matter jurisdiction" where the plaintiff "fails to identify: (1) a RICO enterprise in which [the] defendants have participated; (2) specific acts by the defendants constituting a pattern of racketeering activity; and (3) injury to [the] plaintiff's business or property by reason of any violation of § 1962" (internal quotation marks omitted)).

Complaint with patently meritless claims arising under various federal statutes. *See Erum v. Cty. of Kauai*, No. 08-CV-113, 2008 WL 763231, at *3–4 (D. Haw. Mar. 20, 2008) (after having already found a lack of subject matter jurisdiction over the original complaint, and after considering "the history of th[e] case, the contents of the filings . . . , and [the plaintiff's] statements made at the hearing on th[e] matter," finding a lack of subject matter jurisdiction over the plaintiff's amended complaint, "[t]he thrust" of which was "identical to that of the original [c]omplaint, but . . . [which] added [federal] claims," because the plaintiff "seeks to manufacture subject matter jurisdiction in th[e] action"). Plaintiff has since added federal claims that are patently not colorable. Accordingly, although Plaintiff's Amended Complaint—in response to the Court's subject matter jurisdiction concerns—has been lightly dressed with various federal statutes and purported federal claims, those plainly meritless claims cannot serve as the basis for federal question jurisdiction. *See Bromfield*, 2016 WL 632443, at *5, *6 n.5 (dismissing complaint raising nearly identical claims, noting that the "allegations do not come close to stating a colorable federal claim" and concluding that no federal jurisdiction existed because the plaintiff's "attempt to invoke federal question jurisdiction by naming federal statutes is insubstantial, frivolous, and devoid of merit"); *see also Ross v. O'Donnell*, No. 13-CV-1250, 2014 WL 3735667, at *4 (N.D.N.Y. July 29, 2014) (finding that "patently . . . merit[less]" §§ 1983, 1985, and *Bivens* claims could not support federal question jurisdiction); *Bradley v. Lawlor*, No. 11-CV-47, 2012 WL 3940136, at *1 (D. Conn. Sept. 10, 2012) (holding that "[e]ven if construed in the most liberal manner, the complaint still fails to set forth a viable claim under 42 U.S.C. § 1983 or § 1985, and therefore, cannot support th[e] [c]ourt's exercise of federal question jurisdiction"); *cf. Gonzalez*, 2014 WL 2475893, at *7 (holding that, despite references to "various federal statutes," the plaintiffs' complaint failed to "set[] forth any comprehensible

17

federal claim" and that the court therefore lacked subject matter jurisdiction).[10] As such, because Plaintiff cannot establish diversity jurisdiction, the Court lacks subject matter jurisdiction over Plaintiff's Action and it must be dismissed.

However, to the extent that the deficiencies described above are "more aptly viewed as a question of whether . . . [P]laintiff[] ha[s] failed to state a claim upon which relief may be granted," *Rene v. Citibank, N.A.*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (finding that the argument that the plaintiffs' § 1983 claims fail because the defendants are not state actors was "more appropriately raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim" as opposed to a motion to dismiss for lack of subject matter jurisdiction), the Court finds that the federal claims are subject to dismissal for failure to state a claim for the reasons stated above.[11]

---

[10] The complaint in the *Bromfield* case is in many material respects identical to the Amended Complaint. In fact, the inapposite references to Connecticut law and courts in Plaintiff's opposition—such as where Plaintiff states that "[e]ven the State of Connecticut Appellate Court upheld a trial [c]ourt's specific finding that the [p]arty seeking to foreclose on a [m]ortgage must be the Holder of both the [m]ortgage and accompanying [n]ote," and that "[w]hether said bifurcation is permitted under Connecticut law is not an affirmative defense to Plaintiff's lawful claims," (Pl.'s Mot. in Opp'n to Mot. To Dismiss ("Pl.'s Opp'n") at unnumbered 5 (Dkt. No. 59))—appear to have been pulled verbatim from the plaintiff's opposition brief in the *Bromfield* case. (*See* Pl.'s Mot. in Opp'n to Mot. To Dismiss ("*Bromfield* Opp'n") 15 (Dkt. No. 11, 15-CV-1103 Dkt. (D. Conn.)).)

[11] Cognizant of its responsibility to liberally construe Plaintiff's filings, the Court notes that Plaintiff's opposition also includes a single reference to the FDCPA. (*See* Pl.'s Opp'n at unnumbered 15.) Plaintiff cites 15 U.S.C. § 1692f(6), which makes it unlawful to "tak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property if," among other things, "there is no present right to possession of the property claimed as collateral through an enforceable security interest," and apparently argues that the Baum Defendants and the Margolin Defendants violated that subsection through their use of the United States Postal Service "to effectively initiate dispossession of Plaintiff['s] property interest with a foreclosure Summons and Complaint under Color of State Law where there was no viable security interest," (Pl.'s Opp'n at unnumbered 15). To the extent Plaintiff challenges the filing of the Foreclosure Action as a violation of the FDCPA, any such claim would be time-barred. An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Craig v. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526, 2015 WL 171234, at *8 (E.D.N.Y. Jan. 13, 2015) (same). The "foreclosure Summons and Complaint" of

18

Having so found, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (noting that the decision whether to exercise supplemental jurisdiction lies within the discretion of the district court); *Cato v. Gansberg*, No. 15-CV-5323, 2016 WL 659734, at *3 (E.D.N.Y. Feb. 17, 2016) (declining to exercise supplemental jurisdiction over state law claims after § 1983 claims were dismissed for failure to allege action taken under color of state law, and §§ 241 and 242 claims were dismissed as not providing a private action); *Middleton v. United States*, No. 10-CV-6057, 2012 WL 394559, at *1 (E.D.N.Y. Feb. 7, 2012) (declining to exercise supplemental jurisdiction over state claims, because no federal claims survived a motion to dismiss); *Williams v. Berkshire Fin. Grp., Inc.*, 491 F. Supp. 2d 320, 329 (E.D.N.Y. June 11, 2007) (declining supplemental jurisdiction where no federal claims remained and case had not advanced beyond the pleading stage).[12]

---

which Plaintiff complains, (Pl.'s Opp'n at unnumbered 15), was filed on October 9, 2007, (*see* Foreclosure Complaint), almost eight years before Plaintiff filed this Action. Nor could Plaintiff possibly be entitled to equitable tolling. Plaintiff filed an Order to Show Cause in the Foreclosure Action on November 13, 2009, on the same standing grounds underlying her FDCPA claim, (*see* Roberts Decl. Ex. L), which demonstrates her awareness of a possible claim almost six years before filing this Action. It also bears mentioning that the single paragraph dedicated to her FDCPA claim—with the exception of the names of Defendants—matches almost verbatim a paragraph in the *Bromfield* plaintiff's opposition brief (*compare* Pl.'s Opp'n at unnumbered 15, *with Bromfield* Opp'n 9), further demonstrating Plaintiff's questionable efforts to invoke federal jurisdiction.

[12] The Court need not, and does not, reach Defendants' arguments regarding the *Rooker-Feldman* doctrine, res judicata, or collateral estoppel.

### III. Conclusion

In light of the foregoing analysis, the Court grants the Motions To Dismiss the Amended Complaint in their entirety.[13] The Clerk of Court is respectfully requested to terminate the pending Motions, (Dkt. Nos. 50, 55), and close this case. Plaintiff may seek to refile her state law claims in state court, if she wishes.

SO ORDERED.

DATED:  September 30, 2016
        White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[13] As this Court's ruling is grounded on Plaintiff's failure to plead a federal cause of action, and Plaintiff has already been provided with a second opportunity to do so, the dismissal is with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. Cty. of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (alteration and internal quotation marks omitted)).